# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 21, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**C. B. III,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0869** (BOR Appeal No. 2048068)
                    (Claim No. 2012013361)

**PHOENIX DRILLING, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner C. B. III,[1] on behalf of dependent minor C. B. IV, by Linda Garrett, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Phoenix Drilling, Inc., by Jeffrey B. Brannon, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 26, 2013, in which the Board affirmed a January 9, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 11, 2012, decision which calculated the compensation rate for dependent's benefits as $415.03 per week. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. B. worked for Phoenix Drilling, Inc. On May 1, 2011, he was killed when a forklift crushed him against a wall. The claims administrator held the claim compensable and granted his minor child, C. B., dependent's benefits. The claims administrator calculated the compensation rate at $415.03 per week, based on the report of Mr. B.'s wages from Phoenix Drilling, Inc. The

---

[1] In keeping with the Court's policy of protecting the identity of minors, both the petitioner and his dependent will be referred to by initials only. *W. Va. R.A.P. 40(e).*

1

claims administrator arrived at this compensation rate by determining that Mr. B.'s average weekly wages equaled $622.52 and reduced this amount by a third according to the formula for an award of total disability benefits. Following this decision, the attorney for C. B. requested that the claims administrator reconsider Mr. B.'s wages and provide a higher compensation rate. On July 11, 2012, the claims administrator issued a second decision, stating that the rate of $415.03 per week was correct. The claims administrator stated that the rate was based on the weekly average of the best quarter out of the preceding four quarters. On January 9, 2013, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on July 26, 2013, leading C. B. to appeal.

The Office of Judges concluded that Mr. B. failed to establish that the claims administrator's calculation of the compensation rate as $415.03 per week was incorrect. The Office of Judges determined that Mr. B. did not identify a specific alternative benefit amount or an alternative foundation for calculating the rate of compensation. The Office of Judges considered several payroll forms submitted by C. B., but it determined that this information did not warrant a different rate of compensation. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

On appeal, C. B. argues that the compensation rate for his dependent's benefits should be $692.93, which is the maximum weekly compensation rate for 2011. C. B. asserts that his benefits should be based on Mr. B.'s overtime earnings on April 8, 2011, and April 9, 2011, because these days represented his best daily rate of pay. C. B. asserts that calculating his benefits based on these days' earnings would entitle him to a significantly higher rate of compensation.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. C. B. has not demonstrated that he is entitled to greater than $415.03 per week in dependent's benefits. The rate of compensation determined by the claims administrator was based on the average weekly wages earned by Mr. B. and is consistent with the formula for calculating benefits under West Virginia Code § 23-4-14(b)(2) (2005). The rate of $415.03 per week is also supported by the evidence of Mr. B.'s weekly earnings in the record. The request to increase C. B.'s rate of compensation to $692.93 is inconsistent with the language of West Virginia Code § 23-4-14(b)(2) and is not supported by the evidence in the record. The requested amount of $692.93 is improperly calculated based on Mr. B.'s occasional overtime earnings instead of his average weekly wages.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   October 21, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II